```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF INDIANA
            FORT WAYNE DIVISION
```

TIM S. STEFANSKI,            )
                             )
         Plaintiff           )
                             )
     vs.                     )   CAUSE NO.  1:08-CV-00123
                             )
MARTHA M. McDERMOTT, and     )
THOMAS J. FELTS,             )
                             )
         Defendants          )

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss as to Judge Felts, filed by Defendant, Thomas J. Felts, on July 8, 2008. For the reasons stated below, the motion is **GRANTED**. The Clerk is **ORDERED TO DISMISS WITH PREJUDICE** Plaintiff's claims against Defendant, Judge Thomas Felts. The Court notes that the claims against Defendant, Martha McDermott, **REMAIN PENDING**.

BACKGROUND

On May 6, 2008, Plaintiff, Tim S. Stefanski, filed his pro se complaint against Defendants, attorney Martha McDermott and Allen Circuit Court Judge Thomas Felts. Stefanski alleges that Judge Felts violated his federal statutory rights under 42 U.S.C. section 1983 when Judge Felts entered judgment against him and garnishment proceedings were initiated against Stefanski in the Small Claims Division of the Allen County Superior Court in order to satisfy that judgment.

Specifically, Stefanski claims he was denied state and federal rights during a bench trial that took place in the Small Claims Division of the Allen County Superior Court. (Compl., p. 3.) During that proceeding, Stefanski complains that he was denied his right to a jury trial, that he was denied his right to legal counsel, and that he was not sworn in because he interrupted the judge during the process. (Compl., p. 6.) According to Stefanski, these acts rendered his judgment "void." *Id.* Further, Stefanski contends that his wages are being garnished in violation of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692. *Id.* Stefanski alleges that he was in financial hardship; therefore, his wages should not be garnished according to federal law. *Id.* Apparently stemming from the collections practice, Stefanski was unable to pay his rent and was evicted from his apartment. (Resp., DE #20.) Stefanski seeks monetary and punitive damages. (Compl., p. 3.)

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant, Judge Thomas Felts, filed the instant motion to dismiss on July 8, 2008. Judge Felts argues he is entitled to dismissal for the following reasons: (1) the Court lacks jurisdiction over the subject matter by reason of the *Rooker-Feldman* doctrine; (2) the Court lacks jurisdiction over claims for damages against Judge Felts in his official capacity; and (3) the complaint fails to state a claim upon which relief can be granted because Judge Felts is absolutely immune to the matters for which he is sued. (Mot. To Dismiss as to J. Felts, p. 1.) Stefanski

2

filed a one paragraph letter with the Court on September 12, 2008, claiming "this [is] my response to dismissal against Defendant Felts," and arguing "[t]hese courts do not have any legal merit whatsoever to cause a person to lose their homes." (Resp., DE #20.) Judge Felts filed a reply in support of the motion to dismiss on September 19, 2008. As such, this motion is fully briefed and ripe for adjudication.

DISCUSSION

For the purposes of analyzing Defendant's Rule 12(b)(1) claim, the following standards apply. Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In re Chicago, Rock Island & Pac. R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdictional requirements have been met. *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). In reviewing a Rule 12(b)(1) motion to dismiss, the Court may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. *United Transp. Union v. Gateway Western R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

To the extent Defendant's claims are under Rule 12(b)(6), the Court will apply the following guidelines. The purpose of a motion

to dismiss is to test the legal sufficiency of the complaint, not to decide the merits. *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A court may dismiss a complaint only if it appears beyond doubt the plaintiff can prove no set of facts that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Further, a court must "construe pleadings liberally, and mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). A complaint need not plead law or be tied to one legal theory. *LaPorte County Republican Cent. Comm. v. Board of Comm'rs of the County of LaPorte*, 43 F.3d 1126, 1129 (7th Cir. 1994) (citing *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)). A complaint may not be dismissed just because it omits factual allegations, but it may be dismissed when the plaintiff makes clear that he does not plan to prove an essential element of his case. *Id*.

In ruling on this motion, the Court has kept in mind that Stefanski is proceeding pro se. A pro se complaint is "h[e]ld to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006) (holding that courts are

4

obliged to construe pro se complaints liberally).

<u>Judicial Immunity</u>

It is well established that judges enjoy absolute immunity for judicial acts performed in judicial proceedings. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). The doctrine of absolute judicial immunity provides that judges are not liable for damages in civil actions "unless they have acted in the clear absence of jurisdiction. Moreover, a judge will not be deprived of immunity even if the action was in error, was done maliciously, was in excess of his authority, and even if his exercise of authority is flawed by the commission of grave procedural errors." *Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57, 359 (1978)). This broad scope of immunity is afforded to judges for actions taken within their jurisdiction because their role in the judicial system requires that they enjoy freedom to determine the law unfettered by the threat of collateral attacks against the judge personally.

Stefanski alleges Judge Felts wrongfully caused judgment to be entered against him in the Small Claims Division of the Allen County Superior Court without due process or a jury trial, and further alleges that Judge Felts illegally garnished his wages in violation of federal law. There is no claim by Stefanski that Judge Felts was acting beyond his jurisdiction or the scope of his authority. Rather, the alleged violations were actions taken by Judge Felts while presiding over an action pending before him in

the Small Claims Division of the Allen County Superior Court, over which he had jurisdiction. As such, those actions were of a judicial nature warranting immunity. Judges are absolutely immune from suit for actions taken within the scope of their duties. *Pierson,* 386 U.S. at 553-54. Even if any of Judge Felts' decisions in Stefanski's case were erroneous (and this Court makes no judgment on whether they were), such an error would not deprive Judge Felts of immunity for conduct made within his judicial discretion. *See Brokaw*, 235 F.3d at 1015; *see also Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("[i]f judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but [stet.] vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.").

Judge Felts is absolutely immune from liability because the alleged illegal acts were judicial actions taken within his judicial discretion.[1] For this reason alone, the claims against Judge Felts must be dismissed.

Official Capacity

Aside from the fact that Stefanski's claims against Judge

---

[1] This case is almost identical to *Stefanski v. Kammeyer*, No. 1:08-CV-103 RM, 2008 WL 2809896 (N.D. Ind. July 21, 2008), also filed by Defendant Stefanski. In that case, Chief Judge Robert L. Miller found Stefanski's claims against an Allen Superior Court magistrate judge were subject to dismissal because the magistrate judge was entitled to absolute judicial immunity. Judge Miller's sound reasoning applies equally to this case.

Felts are barred by the doctrine of absolute immunity, to the extent Judge Felts was sued in his official capacity, the claims are also barred by the Eleventh Amendment. The complaint does not specify whether Judge Felts is being sued in his individual or official capacity. "A § 1983 complaint that fails to specify the capacity in which the defendants are being sued is ordinarily construed to be against them in their official capacity." *Stevens v. Umsted*, 131 F.3d 697, 706 (7th Cir. 1997). However, just because a complaint does not state the capacity under which the defendant is being sued is not conclusive that it is only in the defendant's official capacity. *Id.* at 707 (citing *Conner v. Reinhard*, 847 F.2d 384, 394 n.8 (7th Cir. 1988)). To the extent Stefanski's claims are against Judge Felts in his official capacity, they are barred by the Eleventh Amendment.

The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. C ONST. amend. XI. The Supreme Court has interpreted the Eleventh Amendment as also barring suits by citizens against their own state government. *See Hans v. Louisiana*, 134 U.S. 1 (1890). The Eleventh Amendment bars actions against state officers and employees in their official capacities and against state agencies as well as directly against the state itself. *See Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988); *see also Vance v. Peters*, 97 F.3d 987, 990 n. 2 (7th

7

Cir. 1996) ("[i]t is well established, of course, that any claim for damages under 42 U.S.C. § 1983 against state officials in their official capacities must be dismissed as barred by the Eleventh Amendment."). Absent the state's consent to be subject to liability, the Eleventh Amendment bars suits by private parties against the states, their officers and their agencies. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

Stefanski, a citizen of the state of Indiana, is attempting to bring suit against an Indiana judge for acts performed in his official capacity. An Indiana court is an agency of the state of Indiana, so the judge of that court is a state official. *See Woods v. City of Michigan City* , 940 F.2d 275, 279 (7th Cir. 1991) (quoting *Pruitt v. Kimbrough*, 536 F.Supp. 764, 766 (N.D. Ind. 1982)). Therefore, this Court lacks jurisdiction over all claims for damages against Judge Felts in his official capacity unless the State of Indiana consents to such suit. Here, there is no evidence in the record of any such consent.

Even assuming, *arguendo,* that this Court did have jurisdiction over such a claim, there would be a failure to state an actionable claim under 42 U.S.C. section 1983. The term "person" for purposes of section 1983 does not include state officials acting in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 23 (1991). State officials sued in their individual capacities, as opposed to their official capacities, are "persons" within the meaning of section 1983. *Id*. As established above, an Indiana Judge is a state official, and therefore not a "person" within the meaning of

8

section 1983.

Rooker-Feldman Doctrine

    Finally, in addition to the fact that Stefanski's claims are barred by the doctrine of absolute judicial immunity and the Eleventh Amendment, the *Rooker-Feldman* doctrine also prohibits this Court from reviewing the state court judgment from which this case arises. The *Rooker-Feldman* doctrine prohibits federal district courts from reviewing state court civil judgments, including all claims that are inextricably intertwined with those judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

    *Rooker-Feldman* is based upon recognition of the fact that lower federal courts generally do not have the power to exercise appellate review over state court decisions. In *Rooker*, the Supreme Court held that even if a state court decision was wrong, only the Supreme Court has the power to reverse or modify that judgment, since the jurisdiction of federal district courts is strictly original. 263 U.S. at 415-16. Similarly, the Supreme Court in *Feldman* held that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." 460 U.S. at 482. This circuit has consistently emphasized that "[t]aken together, *Rooker* and *Feldman* stand for the proposition that lower federal courts lack jurisdiction to engage in appellate review of state-court determinations." *Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993) (quotation omitted).

9

In order to determine the applicability of the *Rooker-Feldman* doctrine, the fundamental and appropriate question to ask is whether the alleged injury by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. *See Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). If the alleged injury resulted from the state court judgment itself, *Rooker-Feldman* directs that the lower federal court lacks jurisdiction. *Id*. The key element in the *Rooker-Feldman* doctrine analysis is whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim. *See Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 510 (7th Cir. 1996).

In this case, Stefanski alleges that his federal rights were violated when Judge Felts rendered judgment against him without affording him his constitutional rights (for example, a jury trial), and further that his federal rights were violated when Judge Felts garnished his wages in enforcing that judgment. This alleged injury clearly resulted from the state court judgment itself and therefore should be appealed to the state, not to the federal district court. *Rooker-Feldman* precludes this Court from reviewing state court judgments; therefore, this Court lacks jurisdiction and the claims against Judge Felts must be dismissed.

CONCLUSION

For the reasons set forth above, the motion is **GRANTED**. The Clerk is **ORDERED TO DISMISS WITH PREJUDICE** Plaintiff's claims

against Defendant, Judge Thomas Felts.  The Court notes that the claims against Defendant, Martha McDermott, **REMAIN PENDING.**

**DATED: October 28, 2008**                    **/s/ RUDY LOZANO, Judge**
                                               **United States District Court**