**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| TIM S. STEFANSKI, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 1:08-CV-00123 |
| ) | |
| MARTHA M. McDERMOTT, and ) | |
| THOMAS J. FELTS, ) | |
| ) | |
| Defendants ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss, filed by Defendant, Martha McDermott, on November 4, 2008 (DE #25), and on the Motion to Exclude All Documentation, filed by Plaintiff, Tim S. Stefanski, on November 12, 2008 (DE #28). For the reasons set forth below, the Motion to Dismiss (DE #25) is **GRANTED**. The Clerk is **ORDERED TO DISMISS** Plaintiff's claims against Defendant, Martha McDermott. Furthermore, Plaintiff's Motion to Exclude All Documentation (DE #28) is **DENIED**.

BACKGROUND

On May 6, 2008, Plaintiff, Tim S. Stefanski ("Stefanski"), filed his *pro se* complaint against Defendants, attorney Martha McDermott ("McDermott") and Allen Circuit Court Judge Thomas Felts

("Judge Felts").[1] Stefanski generally alleges that his federal statutory rights under 42 U.S.C. section 1983 were violated when a judgment was entered against him and garnishment proceedings were initiated in the Small Claims Division of the Allen County Superior Court in order to satisfy that judgment. He also alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), along with various state law claims. During the state court proceedings, Stefanski complains that he was denied his right to a jury trial, that he was denied his right to legal counsel, and that he was not sworn in because he interrupted the judge during the process. (DE #1 p. 6.) According to Stefanski, these acts rendered his judgment "void," and the ensuing garnishment proceedings "illegally" included "court costs or attorney fees in this case." (*Id.*)

Specifically, he is suing McDermott for violating his federal rights under the FDCPA for "false representation of actual amount owed on this debt for attorney fees, court costs, interest and other fees above and beyond actual amount of debt." (DE #1 p. 2.) He alleges that his federal rights were violated through the wage garnishment and because McDermott contacted his employer about the debt owed via the garnishment proceedings. (*Id.*) Stefanski further claims his due process and privacy rights were violated by

---

[1] This Court issued an Order dismissing Judge Felts from this case on October 28, 2008 (DE #22).

2

"illegal search and seizure of [his] wages." (*Id.*) Finally, Stefanski generally alleges the garnishment proceedings violate federal law because he is suffering from financial hardship. (*Id.*) Stefanski seeks monetary and punitive damages. (DE #1 p. 3.)[2]

McDermott filed the instant motion to dismiss on November 4, 2008, under Federal Rule of Civil Procedure 12(c).[3] McDermott argues that she is entitled to dismissal for the same reason that this Court granted Judge Felts' Motion to Dismiss, namely that this Court lacks subject-matter jurisdiction by reason of the *Rooker-Feldman* Doctrine. (DE #26 p. 2.) Stefanski filed a one paragraph Response with the Court on November 7, 2008, claiming that "[d]ismissing this case against atty McDermott would be in direct infringement of my federal rights under the FDCPACT." (DE #27.) Stefanski argues that "[t]his has never been about this court

---

[2] This case is almost identical to *Stefanski v. Kammeyer*, No. 108-CV-103 RM, 2008 WL 2809896 (N.D.Ind. July 21, 2008) & 2008 WL 4452346 (N.D.Ind. Sept. 30, 2008). In that case, Chief Judge Robert L. Miller dismissed all of Stefanski's claims against the Allen Superior Court magistrate judge and an attorney involved in that matter and the ensuing garnishment proceedings.

[3] Although McDermott brings her motion under Fed.R.Civ.P. 12(c), the Court will analyze her motion under Fed.R.Civ.P. 12(b)(1) as her argument focuses solely on subject-matter jurisdiction questions under the *Rooker-Feldman* doctrine. Although lack of subject matter jurisdiction is usually raised through a motion under 12(b)(1), a Rule 12(c) motion is another way to raise it. *See* 5C Charles A. Wright & Miller, *Federal Practice & Procedure* § 1367 at 217 (2004). However, in such case, the analysis ultimately collapses into one under Rule 12(b). *Id. See also GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995) ("We review a motion pursuant to Rule 12(c) under the same standard as a motion to dismiss under Fed.R.Civ.P. 12(b)."); *Thompson v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989) (A defendant may use a rule 12(c) motion after the close of the pleadings to raise various rule 12(b) defenses regarding procedural defects, in which case courts apply the same standard applicable to the corresponding 12(b) motion.)

overturning the states (sic) court decision, instead I clearly submitted information and proper ducumentation (sic) on the infringement of my federal rights under the act." (*Id*.) McDermott has not filed a reply, and the time for doing so has passed. Thus, this motion is ripe for adjudication. In addition, Stefanski has filed what he titles a Motion to Exclude All Documentation (DE #28.) In it, he asks the court to "throw out" all documentation provided by the Attorney General Steve Carter. (*Id*.)

DISCUSSION

For the purposes of analyzing McDermott's motion, the following standards apply. Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In re Chicago, Rock Island & Pac. R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdictional requirements have been met. *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). In reviewing a Rule 12(b)(1) motion to dismiss, the Court may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. *United Transp. Union v. Gateway Western Railway Co.*, 78 F.3d 1208,

4

1210 (7th Cir. 1996).

In ruling on this motion, the Court has kept in mind that Stefanski is proceeding *pro se*. A *pro se* complaint is "h[e]ld to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006) (holding that courts are obliged to construe pro se complaints liberally).

The *Rooker-Feldman* doctrine prohibits this Court from reviewing the state court judgment from which this case arises because said doctrine prohibits federal district courts from reviewing state court civil judgments, including all claims that are inextricably intertwined with those judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

The *Rooker-Feldman* doctrine is based upon recognition of the fact that lower federal courts generally do not have the power to exercise appellate review over state court decisions. In *Rooker*, the Supreme Court held that even if a state court decision was wrong, only the Supreme Court has the power to reverse or modify that judgment, since the jurisdiction of federal district courts is strictly original. *Rooker*, 263 U.S. at 415-16. Similarly, the Supreme Court in *Feldman* held that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *Feldman*, 460 U.S. at 482. This circuit has

5

consistently emphasized that "[t]aken together, *Rooker* and *Feldman* stand for the proposition that lower federal courts lack jurisdiction to engage in appellate review of state-court determinations." *Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993) (quotation omitted). "In order to determine the applicability of the *Rooker-Feldman* doctrine, the fundamental and appropriate question to ask is whether the alleged injury by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). "If the alleged injury resulted from the state court judgment itself, *Rooker-Feldman* directs that the lower federal court lacks jurisdiction." *Id*. The key element in a *Rooker-Feldman* analysis is whether the federal claim alleges that the injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy. *Long v. Shorebank Development Corp.*, 182 F.3d 548, 555 (7th Cir. 1999). "A plaintiff may not circumvent the effect of the *Rooker-Feldman* doctrine simply by casting [a] complaint in the form of a federal civil rights action." *Maple Lanes, Inc., v. Messer*, 186 F.3d 823, 825 (7th Cir. 1999). The Seventh Circuit has held that "[i]f the injury alleged resulted from the state court judgment itself, the *Rooker-Feldman* doctrine dictates that the federal courts lack subject matter jurisdiction, even if the state court judgment was

erroneous or unconstitutional." *Rizzo v. Sheahan*, 266 F.3d 705, 713 (7th Cir. 2001) (citation omitted).

The Seventh Circuit's opinion in *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600 (7th Cir. 2008), is analogous to the instant case. In *Kelley*, a group of plaintiffs filed suit in federal court after the defendant, Med-1, received judgments against them following debt collection proceedings in small claims court; those judgments included attorney fees. *Id*. at 602. The plaintiffs alleged Med-1's claims that they were entitled such attorney fees violated §§ 1692e-f of the FDCPA, which generally prohibit the use of false, deceptive, or unfair means in connection with the collection of a debt. *Id*. The plaintiffs argued that their claims were not subject to dismissal under *Rooker-Feldman* because their lawsuit sought only to remedy the deceptive representations and requests related to the attorney fees and not the fact that the attorney fees were awarded. *Id*. at 603. The Seventh Circuit court held otherwise. In explaining the distinction between a prior Seventh Circuit decision in which the *Rooker-Feldman* doctrine did not bar a plaintiff's FDCPA claims, the court stated:

> In this case, plaintiffs charge that defendants fraudulently represented that they were entitled to attorney fees. Under Indiana law, a prevailing party only can obtain attorney fees if such fees are awarded by a court, even when there is a written agreement between the parties providing for such fees. . . . In other words, the defendants needed to convince the state courts that they were entitled to attorney fees in order to succeed

7

> in extracting money from plaintiffs.
>
> Because defendants needed to prevail in state court in order to capitalize on the alleged fraud, the FDCPA claims that plaintiffs bring ultimately require us to evaluate the state court judgments. . . . Even in light of the Supreme Court's narrowing of *Rooker-Feldman* in *Exxon Mobil*, we conclude we are still barred from evaluating claims, such as this one, where all of the allegedly improper relief was granted by state courts.

*Id*. at 605 (internal citation omitted).

Here, as McDermott correctly points out, Stefanski does not adequately allege an "independent prior injury." Stefanski's claims arise from the allegedly improper state court proceedings, the judgment thereby entered against him, and the ensuing court-ordered garnishment proceedings. In fact, Stefanski specifically states that he, "seek[s] in this suit, to bar this court from seeking any other judgments upon me, to have this judgement (sic) removed from my credit report and my files as my rights have been violated." (DE #1 p. 6.) In reference to the attorney fees he further states, "I informed Judge Felts that . . . under the FDCP ACT, I do not have to pay fees, court costs or attorney fees in this case. I also wrote to Judge Felts to provide me with the law that so stated I had to pay this attorney this so called judge ment (sic) and he could not, nor did not provide me with this law in court." (*Id*.) Stefanski asserts that McDermott is "providing false misrepresentation of the actual amount owed on the debt," because "[t]his judgement (sic) is entered illegally against me."

8

(*Id.*)  Finally, in a document Stefanski provided to the Court,[4] he states, "I also explained to [Judge Felts] that under the FDCPACT, that I didn't have to pay court costs, atty fees and anything other than the original amount but he didn't listen to me and rendered judgment against me."  (DE #8 p. 4.)

Despite Stefanski's assertions to the contrary in his Response, it is clear from the complaint that Stefanski is alleging violations of the FDCPA based on McDermott's attempts to collect costs and attorney fees that he claims were not legally due but that were awarded by the state court's judgment against him. "[T]he problem with such a theory is that the plaintiff asserts that defendant 'violated the federal law by seeking exactly what the state court awarded.'" *Kelley v. Med-1 Solutions, LLC*, 2008 WL 345986, *4 (Feb. 6, 2008 S.D.Ind.) (*quoting Bullock v. Credit Bureau of Greater Indianapolis, Inc.*, 272 F.Supp.2d 780 (S.D.Ind. 2003).  In essence, Stefanski has pled himself out of federal court.  His claims for relief stem from the amount of the judgment, which includes attorney fees and costs, and the related wage garnishment proceedings.  These claims are barred by the *Rooker-Feldman* doctrine and belong in the state court of appeals, as the alleged injuries he describes clearly resulted from the state court

---

[4] *See United Transp. Union v. Gateway Western Railway Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996)(In reviewing a Rule 12(b)(1) motion to dismiss, the Court may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists.)

judgment itself.[5]

Stefanski's additional claims against McDermott are also barred by the *Rooker-Feldman* doctrine.[6] He alleges some type of Due Process violations under the Indiana Constitution described as "unreasonable search and seizure" by way of the garnishment proceedings because "garnishment of my wages could be interpreted as papers, as my check and wages are my property." (DE #1 p. 6.) He also claims that his privacy rights under the FDCPA were violated when McDermott contacted his employer via the wage garnishment proceedings. However, Stefanski has filed a letter with the Court in which he explains how he feels these rights were violated when "They [the Garrison Law Firm, LLC, at which McDermott apparently works] have illegally contacted my corporate office *via Allen County Circuit Court* and have garnished my wages." (DE #32 p. 1.) He goes on to state that McDermott is "not entitled to any amount other than the original debt!!" (*Id.*) Stefanski has attached a copy of the garnishment order addressed to Stefanski and his employer, which was issued from the state court. (*Id.* at 2-6.) For the same reasons described above, Stefanski's claims are

---

[5] The online docket of the Clerk of the Indiana Supreme Court, Court of Appeals and Tax Court does not show any case filed by a person with the last name of Stefanski or with the lower court cause number Stefanski has provided.

[6] Stefanski is also suing McDermott for Due Process violations allegedly related to the fact he was denied a jury trial. However, it is not reasonable to infer that McDermott, rather than Judge Felts, was responsible for the decision to proceed without a jury trial, and these claims have been addressed and dismissed with respect to Judge Felts. (DE #22 pp. 5-6).

10

barred. As explained recently by the Seventh Circuit:

> [L]ower federal courts do not have subject matter jurisdiction in cases in which the plaintiff complains of an injury that cannot be separated from the state court judgment. In those cases, regardless of the opportunity that he or she had to raise a claim in state court, the litigant must appeal through the state court system and then seek review in the United States Supreme Court by filing a write of certiorari."

*Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 607 (7th Cir. 2008). Stefanski has not alleged that McDermott has done anything other than what was required and ultimately ordered by the state court through the final order of wage garnishment. As such, this Court lacks jurisdiction because the *Rooker-Feldman* doctrine applies in this situation, and these claims against McDermott must be dismissed.

Finally, Stefanski's Motion to Exclude All Documentation (DE #28) must be denied. Stefanski demands that Attorney General Steve Carter "not be allowed to willfully provide documentation or legal advise (sic) of any sorts to this atty, Martha McDermott, or her counsel." (DE #28 p. 1.) The Court notes that there is no indication that this has occurred. McDermott is represented by Alyssa F. Stamatakos and David C. Jensen of the law firm Eichhorn & Eichhorn, LLP, and by Christopher L. Garrison of the Garrison Law Firm, LLP. While Judge Felts is represented by David A. Arthur of the Attorney General's office, this is authorized by state law as follows:

> If a judge . . . is sued for civil damages or equitable relief and the suit would be construed, under notice pleading, as arising out of an act performed within the scope of the duties of the judge . . . the attorney general shall:
>
> > (1) defend the judge or prosecuting attorney in the suit; or
> >
> > (2) authorize the executive director of the division of state court administration to hire private counsel to provide the defense.

IC 33-23-13-3. Thus, Stefanski's motion lacks merit and must be denied.[7]

CONCLUSION

For the reasons set forth above, the Motion to Dismiss (DE #25) is **GRANTED**. The Clerk is **ORDERED TO DISMISS** Plaintiff's claims against Defendant, Martha McDermott. Furthermore, Plaintiff's Motion to Exclude All Documentation (DE #28) is **DENIED**.

**DATED: February 17, 2009**          /s/RUDY LOZANO, Judge
                                                           **United States District Court**

---

[7] To the extent that Stefanski requests some type of relief in a letter to the court dated February 7, 2009 (DE #31), the relief is denied as moot.